## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

KEVIN BRINK, on behalf of self and all others similarly situated, Classes A, B and C,

    Plaintiff,

v.

CITY OF LAS CRUCES,

    Defendant.

No. 13-CV-946-BRB/GBW

## ORDER ON CROSS MOTIONS
## FOR SUMMARY JUDGMENT

**BALDOCK**, Circuit Judge.[*]

    Plaintiff Kevin Brink brought this putative class action pursuant to 28 U.S.C. § 1983 to challenge the constitutionality of Las Cruces, NM, Municipal Code (LCMC) § 27-7.5(f). Section 27-7 of the LCMC is known as the "Safe Traffic Operations Program" or "STOP." As authorized by N.M. Stat. Ann. § 3-18-17A, STOP declares "red light violations" on public thoroughfares a nuisance and threat to public safety. To abate the nuisance, the ordinance authorizes the use of automated cameras to monitor compliance with traffic signals within the City.

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

Those persons whose vehicles are photographed running a red light or speeding face a civil fine of $100.00.  LCMC §§ 27-7.2(f), 27-7.5(h).  Of course, any person cited for a violation of the ordinance is entitled to notice and hearing.

The evidentiary standard under which STOP says the City may prove a red light violation is what irks Plaintiff in this case.  In particular, he complains about subsection (f) of § 27-7.5 which, among other things, states:  "A photograph, videotape or other electronic evidence of a violation is authentic, is not hearsay, and shall be admitted into evidence by the hearing officers."  According to Plaintiff's complaint, "[w]ithout a proper foundation from a person with some expertise on how this data was collected, how the instruments that collected the data were tested and reliable and what the data purports to represent, the evidence is hearsay and inadmissible." Complaint ¶ 9.  And that, Plaintiff says, improperly shifts the burden of disproving a violation to the accused.  As a result, Plaintiff asserts STOP violates his Fourteenth Amendment right to due process.[1]

---

[1] In his complaint, Plaintiff alleges his challenge to STOP arises under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  None of Plaintiff's subsequent filings, however, shed any light on how issuance of the traffic citation supposedly violated his Fourth and Sixth Amendment rights.  Nowhere does Plaintiff explain how he was searched or seized within the meaning of the Fourth Amendment as a result of the citation he received.  And the Sixth Amendment's criminal protections, in particular the right of confrontation, do not apply here because the penalty (a $100.00 fine) associated with STOP violations is most assuredly civil under the two-part test enunciated in Hudson v. United States, 522 U.S. 93, 99–100 (1997).  STOP expressly declares the ordinance a "nuisance abatement article" and states the remedies provided thereunder "are purely civil and
(continued...)

Unfortunately for Plaintiff, he cannot overcome the jurisdictional impediment in his path.  To be sure, the City cited Plaintiff for violating the STOP ordinance.  As was his right, Plaintiff hired a lawyer and requested a hearing before a hearing officer.  Following a hearing at which Plaintiff did not bother to appear (his counsel appeared on his behalf), the officer dismissed the charge.  Perhaps Plaintiff raised the same arguments against STOP there as he does here, or at least he should have.  See Idris v. City of Chicago, 552 F.3d 564, 565 (7th Cir. 2009) ("[A] litigant can't wait out state processes and then turn to federal court."); see also City of Las Cruces v. Rodriguez, No. 32,904 Opinion (N.M. App., Oct. 16, 2014) (unpublished).  In any event, the City suggests Plaintiff's lack of a fine there means he lacks an injury sufficient to establish Article III standing here.  See Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014).  Plaintiff responds that his injury "is two-fold: (1) being denied due process by being subjected to the enforcement by Defendant of an unconstitutional ordinance and (2) retaining an attorney to defend against the citation issued by Defendant."

---

[1](...continued)
not criminal in nature."  LCMC § 27-7.2(f).  Furthermore, the ordinance scheme is not "so punitive in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty."  Hudson, 522 U.S. at 99 (internal bracket, citation, and quotation omitted); see also Titus v. City of Albuquerque, 252 P.3d 780, 791–92 (N.M. App. 2011).

3

The Fourteenth Amendment provides in relevant part that "[n]o state shall . . . deprive any person of . . . liberty, or property, without due process of law." Only state action that deprives Plaintiff of liberty or property without due process is cognizable under § 1983. Plaintiff does not complain about the procedures that resulted in Defendant citing him for running a red light. That process–the taking and reviewing of a video or photograph and a decision to issue a citation–did not deprive Plaintiff of anything. No one has a right to run a red light or avoid being photographed by a camera on a public street. Plaintiff was not arrested, detained, or restricted in his movement. The notice of citation, about which Plaintiff does complain solely because it sets forth STOP's evidentiary standard, similarly deprived him of absolutely nothing. Neither did Plaintiff's response to the citation deprive him of a constitutionally-protected interest. Plaintiff's argument that *his* decision to hire an attorney to contest the citation deprived him of a protectible property interest is frivolous. The Court summarily discounts Plaintiff's claim that the attorney fees he incurred as a result of the citation are sufficient to convey standing. An "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990).

At the end of the day, Plaintiff's lawsuit constitutes nothing more than a whimsical challenge to the evidentiary standard set forth in LCMC § 27-7.5(f)—a

standard that apparently was never even applied in his case.[2] That standard most certainly did not deprive him of a constitutionally-protected interest. And that means Plaintiff does not have Article III standing. Accordingly, Defendant's motion for summary judgment on Plaintiff's § 1983 claims is GRANTED to the extent it seeks dismissal of the complaint for lack of Article III standing. Plaintiff's motion for summary judgment is DENIED. Plaintiff's state law claims are hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c).

    CASE CLOSED.

> Entered for the Court
> this 27th day of January, 2016
>
>
> Bobby R. Baldock
> United States Circuit Judge
> Sitting by Designation

---

[2] Plaintiff repeatedly laments the fact that STOP's enabling statute states the hearing provided for a contested nuisance ordinance violation "shall be conducted following the rules of evidence and civil procedure for the [state] district courts." N.M. Stat. Ann. § 3-18-17A(3)(e). Meanwhile, Plaintiff fails to acknowledge the affidavit of Las Cruces Officer Jose Rodriguez who oversees the STOP program for the City. Rodriguez, who attended Plaintiff's hearing, states the hearing officer applied the New Mexico rules of evidence and procedure at the hearing. Aside from that, "[t]he Constitution does not demand that units of state government follow state law. A federal court assumes that the action is authorized as a matter of local law and asks only whether federal law forbids what the city or state has done." Idris, 552 F.3d at 567. Of course, here the hearing officer dismissed the citation against Plaintiff and federal law certainly does not forbid that.